## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DAN BENSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION FILE** |
| **v.** | § | **1:13-CV-0595-WSD** |
| | § | |
| **ANDRES FACEMYER,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT FACEMYER'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to L.R. 56.1 and Rule 56 of the Federal Rules of Civil Procedure, Defendant Facemyer files his Motion for Summary Judgment.  There are no issues of material fact that will preclude this Court from deciding the case as a matter of law.  Accordingly, Defendant Facemyer's Motion for Summary Judgment should be granted.

Respectfully submitted this 8th day of January, 2014.


[Signature on the following page]

_//s// Veronica L. Hoffler_
**ROBERT N. GODFREY**
Chief Counsel
Georgia Bar No.  298550
**TAMARA N. BAINES**
Sr. Assistant City Attorney
Georgia Bar No. 032460
**LASHAWN W. TERRY**
Sr. Assistant City Attorney
Georgia Bar No. 702578
**VERONICA L. HOFFLER**
Assistant City Attorney
Georgia Bar No. 358799

Attorneys for Defendant Facemyer

City of Atlanta Law Department
City Hall Tower, Suite 4100
68 Mitchell Street, SW
Atlanta, GA 30303
(404) 330-6996 (telephone)
(404) 739-3340 (facsimile)
vlhoffler@atlantaga.gov

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DAN BENSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION FILE** |
| **v.** | § | **1:13-CV-0595-WSD** |
| | § | |
| **ANDRES FACEMYER,** | § | |
| | § | |
| **Defendant.** | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2014, I electronically filed the foregoing

**DEFENDANT FACEMYER'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of

Court using the CM/ECF system which will automatically send e-mail notification

to the attorneys of record.

By:   */s/ Veronica L. Hoffler*

**VERONICA L. HOFFLER**
Assistant City Attorney
Georgia Bar No. 358799

Attorney for Defendant Facemyer

**CITY OF ATLANTA LAW DEPARTMENT**
68 Mitchell Street, SW, Suite 4100
Atlanta, GA  30303
(404) 330-6996 (telephone)
vlhoffler@atlantaga.gov

3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAN BENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION FILE |
| v. | § | 1:13-CV-0595-WSD |
| | § | |
| ANDRES FACEMYER, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT FACEMYER'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COME NOW Defendant Andres Facemyer ("Officer Facemyer"), and files his Brief in Support of Motion for Summary Judgment.

## I.     STATEMENT OF THE CASE

This is an action filed by Plaintiff Dan Benson ("Plaintiff") against Officer Andres Facemyer, individually, alleging a violation of 42 U.S.C. Section 1983. Plaintiff's case surrounds his arrest on February 22, 20011.  Plaintiff claims that he was arrested without probable cause.

## II.     STATEMENT OF FACTS

Plaintiff, who lives in Stone Mountain, claims that on February 22, 2011, he traveled to Chastain Park to walk along the park trail.[1]  As he was walking, he passed a woman, Amy Wood, who was walking with her two and half year old

---

[1] Complaint, ¶6,8,9.

4

daughter closely alongside of her.[2]   As Ms. Woods and her daughter passed, Plaintiff claims that he waived hello and, although the child did not initially respond, the mother instructed her to say hello.  It was at that point that Plaintiff contends that the child raised her dress and revealed her panties and Plaintiff responded "oh, do your panties match your dress?"

Plaintiff claims that was the extent of his interaction with Ms. Wood and her minor child.  However, Ms. Wood reported this encounter to the Atlanta Police Department as Plaintiff being the aggressor in asking the child about her panties.[3] Specifically, according to Ms. Wood, she and her daughter encountered Plaintiff as he sat on a park swing near the water fountain and when Plaintiff initially said "hi," she kept walking and did not respond because she didn't feel comfortable.[4] Ms. Wood said later that day on the other side of the park, she again saw Plaintiff, who "ended up" on a swing across from her and her daughter.[5]  It was at that time that Plaintiff approached Ms. Wood and her daughter and again said "hi" to which the minor child responded.[6]  Plaintiff told the child that her dress was pretty and, after the child responded that it was pink, Plaintiff responded by asking the two

---

[2] *Id.* at ¶9.

[3] *Id.* at ¶18.

[4] *See* Declaration of Facemyer; *Id.*, Exhibits A and C, Amy Wood Statement and Incident Report.

[5] *Id.*

[6] *Id.*

and a half year old girl if "her panties were pretty and matched her dress."[7]  Ms. Wood stated that Plaintiff made her very uncomfortable so she "picked up [her] daughter and carried her toward [their] parked car" and then "stopped a woman (Royce Horn) walking to use her phone to call 911."[8]

After interviewing the parties and having Ms. Wood positively identify the plaintiff as the man she had encountered, Officer Facemyer arrested Plaintiff and charged him with child molestation.[9]  Plaintiff was also charged with possession of a firearm during the commission of a felony as he was armed with a loaded Ruger .380 pistol at the time of his arrest.[10]  Plaintiff was later indicted by a grand jury and voluntarily entered into a pretrial diversion program to avoid trial.[11]

### III.   ARGUMENT AND CITATION TO AUTHORITY

#### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[12]  The court should view the evidence and any inferences that may be drawn in the light most

---

[7] *Id.*
[8] Declaration of Facemyer; *Id.,* Exhibit A, Amy Wood Statement.
[9] *Id.*
[10] Declaration of Facemyer*; Id., Exhibit B*; Complaint ¶¶ 21, 26.
[11] Complaint ¶¶35-36.
[12] Fed. R. Civ. P. 56(c).

favorable to the non-movant.[13]   The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[14]   The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[15]

A dispute is genuine if the evidence is such that the factual issues may reasonably be resolved in favor of the nonmoving party.[16]   However, Rule 56 "[b]y its very terms . . . provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[17]   "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."[18]   An issue is not genuine if it is unsupported by evidence or if it is created by evidence that is "merely colorable" or is "not significantly probative."[19]   Similarly, a fact is not material unless it is identified by the controlling substantive law as an essential

---

[13] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[16] *Id*. at 248.

[17] *Id*. (emphasis in original).

[18] *Matsushita Elec. Industrial Co. v. Zenith Radio Corp*., 475 U.S. 574, 586-587 (1986).

[19] *Anderson*, 477 U.S. at 249-50.

element of the nonmoving party's case.[20]   Thus, to create a genuine issue of
material fact for trial, the party opposing the summary judgment must come
forward with specific evidence of every element essential to his case with respect
to which (1) he has the burden of proof, and (2) the summary judgment movant has
made a plausible showing of the absence of evidence of the necessary element.[21]
When opposing parties tell two different stories, one of which is blatantly
contradicted by the record, so that no reasonable jury could believe it, a court
should not adopt that version of the facts for purposes of ruling on a motion for
summary judgment.[22]  "Conclusory allegations, unwarranted deductions of facts or
legal conclusions masquerading as facts will not prevent dismissal."[23]

## B. PLAINTIFF'S SECTION 1983 CLAIM AGAINST OFFICER FACEMYER MUST BE DISMISSED.

Plaintiff has brought a Section 1983 claim against Officer Facemyer in his
individual capacity, alleging false arrest.  However, Plaintiff's false arrest claim
must be dismissed as Facemyer is entitled to qualified immunity.  The doctrine of
qualified immunity protects government officials performing discretionary
functions from being sued in their individual capacities.[24]  The doctrine protects

---

[20] *Id.* at 248.
[21] *Celotex*, 477 U.S. at 323.
[22] *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007).
[23] *Oxford Asset Mgmt. Ltd. v. Jajaris*, 297 F.3d 1182, 1188 (11th Cir. 2002).
[24] *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Gonzalez v. Reno*, 325 F.3d 1228,
1235 (11th Cir. 2003) (citing *United States Dep't of State v. Ray*, 502 U.S. 164, 179

not only against liability, but the need for government officials to even defend against baseless lawsuits.[25]  "Only in exceptional cases will government actors have no shield against claims made against them in their individual capacities."[26] Qualified immunity is a question of law for the court.[27]  "Because this defense should be resolved at the earliest possible stage of litigation, it is proper for the district court to rule on qualified immunity during a motion to dismiss."[28]

Public officials are shielded under qualified immunity so far as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[29]  The qualified immunity analysis consists of a preliminary inquiry plus two steps.  As a preliminary matter, the defendant official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.  Once that inquiry is satisfied, the burden shifts to Plaintiff, whose allegations, if true, must establish a constitutional violation.[30]  Plaintiffs must do more than refer to general

---

(1991) ("We must also keep in mind the fact that '[w]e generally accord . . . official conduct a presumption of legitimacy'.").

[25] *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982).

[26] *Redd v. Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998) (citing *Lassiter v. Alabama A&M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994)).

[27] *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993).

[28] *Gonzalez v. Reno*, 325 F3d 1228, 1233 (11th Cir. 2003).

[29] *Harlow*, 457 U.S. at 812.

[30] *Wood v. Kesler*, 323 F.3d 872, 877-78 (11th Cir. 2003); *Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th  Cir. 1995).

rules and abstract rights to meet his burden.[31] "Qualified immunity focuses on the actual, specific details of concrete cases."[32]  Only if Plaintiff's' rights were violated does the court then proceed to the final step in the qualified immunity determination—whether that right was clearly established.[33]

To be eligible for qualified immunity, a government official "must have been engaged in a 'discretionary function' when he performed the acts of which the Plaintiffs complain."[34]  The inquiry is two-fold.  The court asks "whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize."[35]  In the instant case, Officer Facemyer was performing a discretionary function at the time he arrested Plaintiff.  Therefore, this Court's analysis is limited to a determination of whether Facemyer violated Plaintiff's constitutional rights and, assuming a violation exists, whether Facemyer violated clearly established law.

### 1.    *Officer Facemyer Did Not Violate Appellee's Constitutional Rights.*

---

[31] *Dorsey v. Wallace*, 134 F.Supp.2d 1364, 1371 (N.D.Ga. 2000, Pannell, J.) (citing *Jones v. Cannon*, 174 F.3d 1271, 1282-83 (11th Cir. 1999)).
[32] *Jones*, 174 F.3d at 1283 (citing *Anderson v. Creighton*, 483 U.S. 635, 639(1987)).
[33] *Wood*, 323 F.3d at 877-78; *Hartsfield*, 50 F.3d at 953.
[34] *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (quoting *Harlow*, 457 U.S. at 818).
[35] *Id.* at 1265-66.

Having established that Officer Facemyer was acting in his discretionary capacity, the burden shifts to Plaintiff to prove that the officer violated his constitutional rights. However, Plaintiff failed to satisfy this burden. Specifically, while Plaintiff has asserted a false arrest claim against Officer Facemyer, the Eleventh Circuit made clear in *Ortega v. Christian* that only "[a]warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim" for false arrest.[36]

Here, the factual allegations in Plaintiff's Complaint and the witnesses' accounts of what transpired evince the probable cause supporting his arrest. The focus of the inquiry at this stage is not Benson's self-serving after the fact rationalization of the facts; instead, it is the facts that existed at the time of the arrest as reported to the arresting officer. Specifically, as made clear by the incident report and the victim's mother's statement, the Plaintiff, who was carrying a gun on his person, was arrested after he followed the mother and her two and a half year old daughter to the swing (after the mother had previously ignored him) and asked the minor child to see her panties. While Plaintiff claims that his actions do not constitute "child molestation," Plaintiff is incorrect. Specifically, under O.C.G.A. §16-6-4, a person commits the offense of child molestation

> "when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent

---

[36] 86 F.3d 1521, 1525 (11th Cir. 1996).

to arouse or satisfy the sexual desires of either the child or the person."

Clearly, asking a two and half year old child about the color of her panties is an indecent act which can reasonably be construed as having been done to arouse or satisfied Plaintiff's sexual desires.

Further, in addition to committing the offense of child molestation, Plaintiff's actions also gave rise to a simple assault charge. Specifically, under Georgia law, "[a] person commits the offense of simple assault when he or she either:

(1)   Attempts to commit a violent injury to the person of another; or
(2)   Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.[37]

Plaintiff's behavior (i.e., following Ms. Wood and her minor child around the park) and request to see the minor's panties provided Ms. Wood, at the very least, with "reasonable apprehension" that either she and/or her daughter would immediately receive a violent injury such that Ms. Wood fled the park, stopped a woman and requested to use her phone to call 911. Ms. Wood's apprehension was even more reasonable in light of the fact that Plaintiff was carrying a loaded weapon during his encounter with her and her daughter. Plaintiff's contention that Officer Facemyer lacked probable cause for his arrest is particularly disingenuous as, after

---

[37] O.C.G.A. §16-5-20.

being indicted by a grand jury, Plaintiff *voluntarily* entered into a pretrial diversion program.

As such, Plaintiff cannot claim a violation of his Fourth Amendment rights since probable cause existed for his arrest.[38]

### 2.      *Officer Facemyer Did Not Violate Clearly Established Law.*

Even assuming, *arguendo* that Plaintiff can establish a constitutional injury, Officer Facemyer is still entitled to qualified immunity as he did not violate clearly established law.  The law must be clearly established in a "particularized sense" for the Plaintiff to meet his burden except in the "most obvious" of situations.[39]  This Court has explicitly stated that, with regard to the "clearly established law" analysis, it will only follow Supreme Court, Eleventh Circuit, and State Supreme Court law because "we do not expect public officials to sort out the law of every jurisdiction in the country."[40]

Here, Officer Facemyer is entitled to qualified immunity because he had, at the very least, arguable probable cause that Plaintiff had committed a crime when Plaintiff, armed with a loaded gun, stalked Ms. Wood and her minor child around

---

[38] *See also*, *Abbott v. Sangamon County,* 705 F.3d 706, 715 (7th Cir. 2013); *Fox v. Hayes,* 600 F.3d 819, 837 (7th Cir. 2010); *see also Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (holding that the offense for which probable cause exists need not be the subjective offense for which the officer was conducting the arrest).

[39] *Brousseau v. Haugen*, 543 U.S. 194, 199 (2004).

[40] *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1032, n. 10 (11th Cir. 2001) (*en banc*).

the park, approached them after previously being rebuffed and asked the child to see her panties.  Indeed, Plaintiff would be hard pressed to find any case that would have given "fair warning" in a "particularized sense" to Officer Facemyer that an arrest under those facts may violate the Constitution.  As such, Officer Facemyer is entitled to qualified immunity.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Officer Facemyer's request that this Court grant his motion in its entirety.

## <u>CERTIFICATION</u>

Counsel for Defendant Facemyer certify that this pleading has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted this 8th day of January, 2014.

//s// *Veronica L. Hoffler*
**ROBERT N. GODFREY**
Chief Counsel
Georgia Bar No.  298550
**TAMARA N. BAINES**
Sr. Assistant City Attorney
Georgia Bar No. 032460
**LASHAWN W. TERRY**
Sr. Assistant City Attorney
Georgia Bar No. 702578
**VERONICA L. HOFFLER**
Assistant City Attorney
Georgia Bar No. 358799

Attorneys for Defendant Facemyer

City of Atlanta Law Department
City Hall Tower, Suite 4100
68 Mitchell Street, SW
Atlanta, GA 30303
(404) 330-6996 (telephone)
(404) 739-3340 (facsimile)
vlhoffler@atlantaga.gov

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DAN BENSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION FILE** |
| **v.** | § | **1:13-CV-0595-WSD** |
| | § | |
| **ANDRES FACEMYER,** | § | |
| | § | |
| **Defendant.** | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2014, I served the foregoing motion with

the Clerk of Court using the CM/ECF system, which will automatically send email

notification of such filing to all counsel of record.

BY:   */s/ Veronica L. Hoffler*
        **VERONICA L. HOFFLER**
        Assistant City Attorney
        Georgia Bar No. 358799

16