IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAN BENSON, | § § | |
| Plaintiff, | § § | CIVIL ACTION FILE |
| v. | § § | 1:13-CV-0595-WSD |
| ANDRES FACEMYER, | § § | |
| Defendant. | § § § | |

**DEFENDANT FACEMYER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE***

COMES NOW, Andres Facemyer, Defendant, and respectfully files his Response In Opposition to Plaintiff's Motion *In Limine*:

**THE COURT SHOULD ALLOW EVIDENCE RELATED TO PLAINTIFF'S SUBSEQUENT INDICTMENT AND ENTRY INTO A PRETRIAL DIVERSION PROGRAM.**

Plaintiff seeks to exclude evidence related to Plaintiff's indictment and entry into a pretrial diversion program, alleging that such evidence is irrelevant and the unfair prejudice substantially outweighs its probative value. However, in seeking to exclude any reference to the grand jury's finding of probable cause or Plaintiff's subsequent plea, Plaintiff also seeks to introduce evidence related to the preliminary

1

hearing[1] on March 9, 2011 during which the charges were *initially* dismissed to support his contention that Plaintiff was falsely arrested.

However, the preliminary hearing has no probative value in this case as it amounted to nothing more than a determination that there was insufficient evidence to support a charge of possession of child pornography. By contrast, the grand jury indictment and Plaintiff's subsequent plea are particularly relevant to the issue of probable cause for his arrest. Indeed, as Plaintiff correctly notes, this case is limited to the information Officer Facemyer knew at the time of the arrest. Unless Plaintiff limits his testimony at trial to only those facts provided to Officer Facemyer at the scene, and not a general recitation of facts designed to prove his innocence, Plaintiff opens to door to the grand jury indictment and his subsequent plea.

Further, Plaintiff's arguments are particularly disingenuous, as introduction of the grand jury's indictment and Plaintiff's plea would be critical if Plaintiff is allowed to reference the preliminary hearing findings as it would prevent any confusion to the jury regarding the existence of probable cause. Indeed, the law is clear that the initial disposition of the charges has no consequence in determining the validity of the

---

[1] Defendant Facemyer will address Plaintiff's arguments in opposition to his motion to bar Plaintiff from referencing the preliminary hearing in its reply to Plaintiff's response to Defendant Facemyer's motion.

arrest.[2] Such is particularly the case here where Plaintiff was subsequently indicted on and took a plea to those *exact* charges. Plaintiff cannot open the door and allow in the initial history of his charges without opening the door to the entire history of the disposition of these charges. Once Plaintiff opens the door, Defendant Facemyer is entitled to provide a complete picture of what transpired and prevent any undue prejudice to Facemyer and confusion by the jury.

## CONCLUSION

For the foregoing reasons, Defendant Facemyer requests that Plaintiffs' Motion *In Limine* be denied.

## CERTIFICATION

Counsel for Defendant Facemyer certifies that this brief has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted this 16th day of January, 2015.

*[Signatures on next page.]*

---

[2] *Marx v. Gumbinner*, 905 F.2d 1503 (11th Cir. 1990).

/s/ *Veronica L. Hoffler*
**ROBERT N. GODFREY**
Chief Counsel
Georgia Bar No.  298550
**TAMARA N. BAINES**
Sr. Assistant City Attorney
Georgia Bar No. 032460
**LASHAWN W. TERRY**
Sr. Assistant City Attorney
Georgia Bar No. 702578
**VERONICA L. HOFFLER**
Assistant City Attorney
Georgia Bar No. 358799

*Attorneys for Defendant Facemyer*

City of Atlanta Law Department
55 Trinity Avenue
Suite 5000
Atlanta, GA 30303
(404) 546-4148 (telephone)
(404) 739-3340 (facsimile)
vlhoffler@atlantaga.gov

4

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAN BENSON, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION FILE |
| v. § | 1:13-CV-0595-WSD |
| § | |
| ANDRES FACEMYER, § | |
| § | |
| Defendant. § | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2015, I electronically filed the foregoing **DEFENDANT FACEMYER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

Jeffrey R. Filipovits
Filipovits Law Firm, P.C.
2900 Chamblee-Tucker Road
Building 1
Atlanta, GA 30341

*/S/ VERONICA L. HOFFLER*
**VERONICA L. HOFFLER**
Assistant City Attorney
Georgia Bar No. 358799

*Attorney for Defendant Facemyer*

5