IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DAN BENSON,** | § § § | |
| Plaintiff, | § § | **CIVIL ACTION FILE** |
| v. | § § § | **1:13-CV-0595-WSD** |
| **ANDRES FACEMYER,** | § § | |
| Defendant. | § | |

**DEFENDANT FACEMYER'S PROPOSED JURY INSTRUCTIONS**

COMES NOW, Defendant Andres Facemyer ("Officer Facemyer"), and respectfully requests this Court to instruct the jury on the law as set forth in the attached proposed instructions. Defendant Facemyer reserves the right to amend or supplement his proposed jury instructions, including, but not limited to, after the resolution of motions *in limine*.

Respectfully submitted this 23rd day of January, 2015.

*[Signatures on next page.]*

/s/ *Veronica L. Hoffler*
**ROBERT N. GODFREY**
Chief Counsel
Georgia Bar No.  298550
**TAMARA N. BAINES**
Sr. Assistant City Attorney
Georgia Bar No. 032460
**LASHAWN W. TERRY**
Sr. Assistant City Attorney
Georgia Bar No. 702578
**VERONICA L. HOFFLER**
Assistant City Attorney
Georgia Bar No. 358799

***Attorneys for Defendant Facemyer***

City of Atlanta Law Department
55 Trinity Avenue
Suite 5000
Atlanta, GA 30303
(404) 546-4148 (telephone)
(404) 739-3340 (facsimile)
vlhoffler@atlantaga.gov

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.**

**5.2 Civil Rights – 42 U.S.C. § 1983 Claims – Fourth Amendment Claim – Private Person Alleging Unlawful Arrest**

In this case, Dan Benson claims that Officer Facemyer, while acting under color of law, intentionally deprived him of his rights under the United States Constitution.

Specifically, Dan Benson claims that while Officer Facemyer was acting under color of law as a member of the Atlanta Police Department, Officer Facemyer intentionally committed acts that violated Dan Benson's constitutional right not to be arrested or seized without probable cause.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be seized or arrested without probable cause.

A person may sue in this court for an award of money damages against anyone who, under color of law, intentionally commits acts that violate the person's rights under the United States Constitution.

To succeed on this claim, Dan Benson must prove each of the following facts by a preponderance of the evidence:

    First:    That Officer Facemyer intentionally committed acts that violated Dan Benson's federal constitutional right not to be arrested or seized without probable cause;

3

    Second: That Officer Facemyer acted under color of law; and

    Third:   That Officer Facemyer's conduct caused Dan Benson's injuries.

Dan Benson claims that Officer Facemyer seized or arrested Dan Benson without probable cause.  Officer Facemyer may arrest a person without a warrant whenever the facts and circumstances within Officer Facemyer's knowledge, based on reasonably trustworthy information, would cause a reasonable officer to believe that the person has committed, is committing, or is about to commit an offense.  It is a criminal offense for any person to commit the crime of child molestation which is defined as "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person; child molestation is a felony.  It is also a criminal offense for any person to commit the crime of possession of a firearm during the commission of a felony when such person has a firearm during the commission of any felony against or involving the person of another.

For the second element, the parties have agreed that Officer Facemyer acted under color of law. So you should accept that as a proven fact.

For the third element, Officer Facemyer's conduct caused Dan Benson's injuries if Dan Benson would not have been injured without Officer Facemyer's

conduct, and the injuries were a reasonably foreseeable consequence of Officer Facemyer's conduct.

If you find in Dan Benson's favor for each fact that he must prove, you must decide the issue of his compensatory damages. To recover compensatory damages Dan Benson must prove by a preponderance of the evidence that he would not have been damaged without Officer Facemyer's conduct, and the damages were a reasonably foreseeable consequence of Officer Facemyer's conduct.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Dan Benson's damages – no more, no less. You must not impose or increase these compensatory damages to punish or penalize Officer Facemyer. And you must not base these compensatory damages on speculation or guesswork.

To determine whether and how much Dan Benson should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Dan Benson does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider only the following element of damage, to the extent you find that Dan Benson has proved it by a preponderance of the evidence, and no others:

> Dan Benson's mental and emotional distress, impairment of reputation, personal humiliation, and any related harm that Dan Benson is reasonably certain to experience in the future.

**Source**

Eleventh Circuit Pattern Civil Jury Instructions (2013) No. 5.2.

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO.

**Qualified Immunity**

Under the qualified immunity doctrine, police officers may not be liable for federal claims arising from their discretionary acts in the performance of their duties unless the officer committed a constitutional violation that was clearly established. In this context, Officer Facemyer is entitled to qualified immunity if he had arguable probable cause to believe that the Plaintiff committed a criminal act.

The standard for arguable probable cause is whether a reasonable officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well-established law as viewed from the perspective of a reasonable officer on the scene, rather than with a 20/20 vision of hindsight. Even an officer who reasonably but mistakenly concludes that probable cause is present is entitled to immunity.

You must rule in Officer Facemyer's favor if you find that there was sufficient evidence for a reasonable officer in the same circumstances and possessing the same knowledge as Officer Facemyer to reasonably believe that probable cause *could* have existed to arrest Plaintiff for the crimes of child molestation and possession of a firearm without a permit.

**<u>Source</u>**

Harlow v. Fitzgerald, 457 U.S. 800 (1982); *Wood v. Kesler*, 323 F.3d 872, 877-78 (11th Cir. 2003); *Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th Cir. 1995); *Gold v. City of Miami*, 121 F. 3d 1442, 1445 (11th Cir. 1997); *Graham v. Conner*, 490 U.S. 386, 396 (1989); *Anderson v. Creighton,* 483 U.S. 635 (1987)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.**

**Child Molestation**

A person commits the offense of child molestation "when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

The child molestation statute does not require proof of actual arousal nor does it require showing of a general plan of Dan Benson to use the child to gratify his sexual desires. Skin-to-skin contact is not a necessary element of child molestation nor does it require a showing that the victim was touched beneath her clothing.

Immoral or indecent acts constituting child molestation refer to acts generally viewed as morally indelicate or improper or offensive and not just acts more suggestive of sexually oriented misconduct to a child's body. They constitute acts which offend against the public's sense of propriety.

**Source**

O.C.G.A. §16-6-4; *Lopez v. State*, 291 Ga.App. 210 (2008); *Cline v. State*, 224 Ga.App. 235 (1997); *Branam v State*, 204 Ga.App. 205 (1992); *Dew v. State*, 292

9

Ga.App. 631 (2008); *Thomas v. State*, 324 Ga.App. 26 (2013); *Slack v. State*, 265 Ga.App. 306 (2004).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.**

**Possession of firearm during commission of a felony**

A person commits the offense of possession of a firearm during the commission of a felony when such person has a firearm during the commission of any felony against or involving the person of another.

**Source**

O.C.G.A. §16-11-106

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.**

**Probable Cause for a Warrantless Arrest**

Probable cause exists for an arrest without a warrant if the facts and the circumstances within the collective knowledge of the law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed.  A finding of probable cause requires only a probability of criminal activity, not an actual showing of such activity and must be measured by the facts of a particular case.  It does not demand the same strictness of proof as the accused's guilt upon trial, and may be based upon hearsay evidence.  The arresting officer is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.  An individual's conduct in response to police questioning or attempted questioning may rise to the level of probable cause to conduct an arrest.

You must find in Officer Facemyer's favor if you find that, based on the facts presented to him, there was a reasonable probability to believe that Plaintiff had committed the offenses of child molestation and possession of a firearm during the commission of a crime.

**Source**

*Madiwale v. Saviko,* 117 F.3d 1321, 1324 (11th Cir.1997); *Wong Sun v. United States,* 371 U.S. 471, 479 (1963); *Brown v. State,* 151 Ga.App. 830, 831, 261 S.E.2d 717, 718 (1979); *Duffy v. State*, 156 Ga. App. 847, 275 S.E.2d 658 (1980); *Souder v. State*, 301 Ga. App. 348, 350, 687 S.E.2d 594, 598 (2009); *Proescher v. Bell*, 966 F. Supp. 2d 1350, 1366 (N.D. Ga. 2013); *Kingsland v. City of Miami*, 382 F.3d 1220, 1229 (11th Cir. 2004); *Richardson v. State*, 232 Ga. App. 398, 501 S.E.2d 885 (1998); *Redd v. State*, 229 Ga. App. 364, 494 S.E.2d 31 (1997).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.**

**Mistake of Law**

The Fourth Amendment tolerates mistakes which are objectively reasonable. An officer may make a mistake, including a mistake of law, yet still act reasonably under the circumstances and therefore not violate the Fourth Amendment. To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials, giving them fair leeway for enforcing the law in the community's protection. Additionally, when the mistake of law relates to the question of whether it was reasonable for an officer to suspect that the defendant's conduct was illegal there is no violation of the Fourth Amendment in the first place.

You must find that probable cause existed to arrest Dan Benson even if you find that Officer Facemyer made a mistake in his interpretation of the child molestation statute as long as his mistake was a reasonable.

**Source**

*Heien v. North Carolina,* --- S.Ct. ----, 2014 WL 7010684, at *5 (U.S.N.C. December 15, 2014); *Brinegar v. United States,* 338 U.S. 160 (1949).

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **DAN BENSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION FILE |
| v. | § | 1:13-CV-0595-WSD |
| | § | |
| **ANDRES FACEMYER,** | § | |
| | § | |
| Defendant. | § | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2015, I electronically filed the foregoing **DEFENDANT FACEMYER'S REVISED PROPOSED JURY INSTRCUTIONS** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

Jeffrey R. Filipovits
Filipovits Law Firm, P.C.
2900 Chamblee-Tucker Road
Building 1
Atlanta, GA 30341

*/s/ Veronica L. Hoffler*
**Veronica L. Hoffler**
Assistant City Attorney
Georgia Bar No. 358799

***Attorney for Defendant Facemyer***

15