# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DAN J. BENSON,

                Plaintiff,

v.                                                              1:13-cv-595-WSD

OFFICER ANDRES FACEMYER,

                Defendant.

## ORDER

On September 30, 2015, the Court entered its Order [72] denying Defendant's Motion for Judgment as a Matter of Law, and granting in part Defendant's Motion to Alter or Amend the Judgment or, in the Alternative, for a New Trial. The Court stated that a new trial on the issue of damages would be conducted, subject to the Court's initial consideration of whether Defendant is entitled to qualified immunity for events occurring after the development of arguable probable cause. Both parties appealed the September 30, 2015, Order.

On July 20, 2016, the Eleventh Circuit issued its Order [84] affirming the Court's denial of Defendant's Motion for Judgment as a Matter of Law and dismissing the parties' remaining issues on appeal for lack of jurisdiction. Aware that the Court intended to address, before the damages re-trial, whether arguable

probable cause can arise based on post-arrest developments, the Eleventh Circuit, in a footnote, "express[ed] no view as to whether arguable probable cause can develop after an unlawful arrest, or whether qualified immunity can arise based on the post-arrest development of arguable probable cause."  (Id. at 9 n.2).

On September 9, 2016, the Eleventh Circuit issued its mandate [93].  On September 23, 2016, the mandate of the Eleventh Circuit was made the judgment of the Court [94].

Before the Court conducts a new trial on damages, the Court will consider whether arguable probable cause can develop after an unlawful arrest, whether qualified immunity can arise based on the post-arrest development of arguable probable cause, and the impact, if any, developed probable cause and post-arrest qualified immunity would have on Plaintiff's claim for damages.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall, on or before October 24, 2016, file his memorandum on the issues of (i) whether arguable probable cause developed after Plaintiff's arrest but before Defendant advised Plaintiff of the charges for which he was arrested and was ordered to be transported to the police station jail, (ii) whether qualified immunity arose based on such post-arrest arguable probable cause, and (iii) the impact of development of

post-arrest probable cause and qualified immunity on Plaintiff's claim for damages.  Plaintiff shall file his response on or before November 4, 2016, and Defendant shall file his reply on or before November 14, 2016.

**SO ORDERED** this 23rd day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE