# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DAN J. BENSON,

      Plaintiff,

v.

OFFICER ANDRES FACEMYER,
in his individual capacity,

      Defendant.

1:13-cv-595-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Officer Andres Facemyer's ("Defendant") Motion *in Limine* [108]. Also before the Court are Defendant's and Plaintiff Dan J. Benson's ("Plaintiff") additional memoranda [130], [131] filed pursuant to the Court's March 2, 2017, Order [128].

## I.    BACKGROUND[1]

In Defendant's Motion *in Limine* [108], Defendant asserts that, during a first appearance hearing held on February 23, 2011 ("First Appearance Hearing"), a Fulton County Judge independently found there was probable cause to arrest

---

[1] The Court here briefly sets forth the facts pertinent to this Opinion and Order. A more detailed explanation of the facts underlying this action is contained in the Court's September 30, 2015, Order [72].

Plaintiff. On this basis, Defendant seeks to exclude any evidence of damages after the First Appearance Hearing. ([108.1] at 5). The Court found there was insufficient evidence as to the nature of the First Appearance Hearing and what the Fulton County Judge determined during it, and, on March 2, 2017, the Court issued an order requiring the parties to file briefs and evidentiary materials regarding whether the Fulton County Judge made an independent probable cause determination that constituted a supervening event for purposes of damages causation.

On March 17, 2017, Defendant filed his memorandum. In it, he explains that, on February 23, 2011, the day after Plaintiff was arrested, Plaintiff was brought before the Honorable James Altman in Fulton County Superior Court for a First Appearance Hearing. During the hearing, Judge Altman found probable cause existed for Plaintiff's arrest. Plaintiff was then held without bond, pursuant to Judge Altman's order, until his March 9, 2011, preliminary hearing. Defendant included with the memorandum a First Appearance Hearing form filled out and signed by Judge Altman, in which Judge Altman checked the box stating "[t]he Court found that probable cause exists to detain the defendant for the crimes enumerated in the above referenced Complaint." ([130.1]). Defendant argues that

Judge Altman's independent probable cause determination broke the chain of causation for damages stemming from Defendant's arrest of Plaintiff.

On March 31, 2017, Plaintiff filed his response. Plaintiff argues that Eleventh Circuit precedent shows that only an arraignment or indictment breaks the causal chain. He argues that, even if Judge Altman's probable cause finding broke the causal chain of damages, Judge Altman's probable cause finding was void because it was based solely upon an ineffectively notarized affidavit. Plaintiff notes that there are two copies of the "affidavit" Defendant submitted for the First Appearance Hearing, one of which is not notarized, and the other which states it was sworn to and subscribed telephonically. Plaintiff contends telephonic notarization is not authorized under Georgia law. Finally, Plaintiff argues that the issue of damages causation is an affirmative defense that Defendant waived by failing to previously raise it.

## II. DISCUSSION

42 U.S.C. § 1983 "'creates a species of torts liability,' and damages are determined by compensation principles of common-law tort." Smith v. City of Oak Hill, Fla., 587 F. App'x 524, 527 (11th Cir. 2014) (quoting Heck v. Humphrey, 512 U.S. 477, 483 (1994)). "While defendants in § 1983 cases 'are, as in common law tort disputes, responsible for the natural and foreseeable

consequences of their actions,' the § 1983 plaintiff must show causation." Id. (quoting Jackson v. Sauls, 206 F.3d 1156, 1168 (11th Cir.2000)). "Causation has two required elements: cause-in-fact and legal or proximate cause." Id. (citing Jackson, 206 F.3d at 1168 n.16). "To show that the constitutional tort was a cause-in-fact of the injuries and damages claimed, the plaintiff must show that 'except for the constitutional tort, such injuries and damages would not have occurred.'" Id. (quoting Jackson, 206 F.3d at 1168 n.16). "To show that the constitutional tort was the legal or proximate cause of the injuries and damages claimed, a plaintiff must show that 'the injury or damage was a reasonably foreseeable consequence of the [officer's] act or omission.'" Id. (quoting Jackson, 206 F.3d at 1168 n.16).

The question here is whether, on a claim of a warrantless deprivation of liberty, a state-court magistrate judge's independent probable cause determination at an initial detention hearing breaks the chain of damages stemming from the warrantless arrest. The Court finds it does not. The facts in the Eleventh Circuit's decision in Jones v. Cannon, 174 F.3d 1271, 1287 (11th Cir. 1999) are similar to those at issue here. In Jones, a plaintiff sued officers, under 42 U.S.C. § 1983, for false arrest. On the evening of plaintiff's arrest, one of the arresting officers completed an affidavit for use at a state-court magistrate judge hearing to determine the existence of probable cause for continuing to detain the plaintiff. Id.

at 1278. The probable cause hearing was held the next day. Approximately three weeks later, a grand jury indicted the plaintiff.[2] The Eleventh Circuit stated "that the grand jury indictment broke the chain of causation for the detention from the alleged false arrest and [the plaintiff] may recover damages only for his detention prior to the grand jury indictment." Id. The Court did not find that the initial probable cause hearing similarly broke the causal chain.

This Court's prior decision in Love v. Oliver, 450 F. Supp. 2d 1336 (N.D. Ga. 2006) is also instructive. In Love, the Court articulated the difference between a cause of action for false arrest and one for malicious prosecution. The Court stated that "[t]ypically, a warrantless deprivation of liberty from the moment of arrest to the time of arraignment will find its analog in the tort of false arrest, while the tort of malicious prosecution will implicate post-arraignment deprivations of liberty." Id. at 1341n.5 (quoting Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 117 (2d Cir. 1995)) (internal quotation marks omitted). The Court further explained that, "[i]n the case of a warrantless arrest, the judicial proceeding does not begin until the party is arraigned or indicted. Thus, the plaintiff's arrest cannot serve as

---

[2] Though the evidence in the record did not show the result of the probable cause hearing, it appears that the plaintiff continued to be detained after the hearing and thus it is reasonable to assume that the judge found probable cause to detain the plaintiff.

5

the predicate deprivation of liberty [for a malicious prosecution claim] because it occurred prior to the time of arraignment, and was not one that arose from malicious prosecution *as opposed to false arrest*." Id. at 1340-41 (quoting Kingsland v. City of Miami, 382 F.3d 1220, 1235 (11th Cir. 2004)).

The only Eleventh Circuit precedent Defendant relies on to support his argument that Judge Altman's probable cause determination cut off the chain of damages is Barts v. Joyner, 865 F.2d 1187 (11th Cir. 1989). In Barts, the plaintiff was arrested, after which she was tried and convicted of second degree murder. Id. at 1189. The plaintiff served eight months of a twenty-five year sentence, before being released on appellate bond. She was granted a new trial, which resulted in an acquittal. The plaintiff brought an action under Section 1983 against her arresting officers. The Eleventh Circuit held that the plaintiff was not entitled to damages for her criminal trials, conviction, and subsequent incarceration, because "the intervening acts of the prosecutor, grand jury, judge and jury each broke the chain of causation." Id. at 1195.

It is undisputed here that the grand jury indictment broke the chain of causation, and Barts is thus not useful in determining the question before the Court: whether an initial probable cause determination by a state-court magistrate

6

judge is an intervening act that breaks the chain of causation. Defendant does not provide any binding authority to show that it does.³

Based on the Eleventh Circuit's decision in Jones and this Court's reasoning in Love, the Court finds that a state-court magistrate judge's independent probable cause determination at an initial detention hearing does not break the chain of damages stemming from a warrantless arrest, although a jury may consider that it impacts the scope of damages suffered. Ordinarily, a cause of action stemming from a warrantless deprivation of liberty encompasses the time between the initial arrest through the arraignment or indictment. See Love, 450 F. Supp. 2d at 1341n.5 (quoting Singer, 63 F.3d at 117). Under the facts of this case, Defendant's arrest of Plaintiff was the but-for cause of his detention, and the detention was a reasonably foreseeable consequence of the arrest. See Smith, 587 F. App'x at 527.⁴

---

³     This case is unlike those in which an officer procures a valid arrest warrant from a magistrate judge before making an arrest. In such cases, it is the magistrate judge's independent determination that provides the basis for the initial arrest, and the warrant insulates the arresting officer from a charge of false arrest. See Deville v. Marcantel, 567 F.3d 156, 170 (5th Cir. 2009). That is not the case where, as here, an officer conducts a warrantless arrest.

⁴     Even if Judge Altman's probable cause determination could have cut off the chain of damages, it is unclear whether Judge Altman's determination was valid under Georgia law, because it appears that Defendant did not properly notarize either of the affidavits he submitted to Judge Altman. A notary is not authorized to

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion *in Limine* [108] is **DENIED** with respect to Defendant's request to exclude any evidence of damages after the First Appearance Hearing. The Court will issue a separate Opinion and Order regarding the remainder of the parties' motions *in limine*.

**SO ORDERED** this 14th day of April, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

give an oath telephonically. See Sambor v. Kelley, 518 S.E.2d 120, 120 (Ga. 1999). Under Georgia law, an individual wrongfully arrested under a void warrant may maintain an action for false imprisonment. See Reese v. Clayton Cty., 363 S.E.2d 618, 619 (Ga. Ct. App. 1987).