**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DAN J. BENSON,

              **Plaintiff,**

   v.

OFFICER ANDRES FACEMYER,
in his individual capacity,

              **Defendant.**

                                **1:13-cv-595-WSD**

## OPINION AND ORDER

This matter is before the Court on Defendant Andres Facemyer's

("Defendant") Motion *in Limine* [108] and Plaintiff Dan J. Benson's ("Plaintiff")

Motion *in Limine* [109].

## I. BACKGROUND

Plaintiff's Amended Complaint asserts a Fourth Amendment claim under

42 U.S.C. § 1983. A trial was held from February 2, 2015, through

February 5, 2015, where the jury found in favor of Plaintiff, deciding that Plaintiff

was arrested without probable cause when Defendant handcuffed and searched

Plaintiff and placed him in a police wagon. Defendant moved, under Rule 29 of

the Federal Rules of Civil Procedure, for judgment as a matter of law and also

moved to alter or amend the judgment or, in the alternative, for a new trial. The

Court declined to find that Defendant was entitled to qualified immunity as a matter of law, but stated that a new trial on the issue of damages would be conducted after determining if arguable probable cause developed after Plaintiff's initial arrest. Both parties appealed the Court's order.

On July 20, 2016, the Eleventh Circuit affirmed the order, concluding that Defendant "violated clearly established law in making that arrest" and that he "was not entitled to qualified immunity at the time of the initial arrest." The Eleventh Circuit dismissed the parties' remaining appeals for lack of jurisdiction. Benson v. Facemyer, 657 F. App'x 828, 835 (11th Cir. 2016).

To further process this case for trial on Plaintiff's damages, on September 23, 2016, the Court required the parties to file memoranda on whether arguable probable cause developed after Plaintiff's arrest. On December 14, 2016, the Court found that no arguable probable cause arose during Defendant's investigation after the initial arrest.

The new trial will solely be on damages, and the parties have filed their respective motions *in limine*. ([108], [109]).

## II.   DISCUSSION

### A.   Legal Standard

A motion *in limine* is a pretrial motion by which a litigant seeks to exclude inadmissible or prejudicial evidence before it is actually offered at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984); see also Soto v. Geico Indem. Co., No. 6:13-CV-181-ORL-40KR, 2014 WL 3644247, at *1 (M.D. Fla. July 21, 2014) ("The real purpose of a Motion *in Limine* is to give the trial judge notice of the movants' position so as to avoid the introduction of damaging evidence which may irretrievably affect the fairness of the trial.") (citation and internal quotation marks omitted).  Judges have broad discretion when ruling on such motions.  See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1104-05 (11th Cir. 2005).  Limine rulings are provisional rulings, and the trial judge may reverse the decision during the course of a trial.  See Ohler v. United States, 529 U.S. 753, 758 n.3 (2000).

A court "will grant a motion *in limine* to exclude evidence only if the evidence in question is clearly inadmissible."  Wilson v. Pepsi Bottling Grp., Inc., 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009).  "The district court has wide discretion in determining the relevance of evidence produced at trial."

Boyd v. Ala. Dep't. of Corr., 296 Fed. App'x 907, 908 (11th Cir. 2008); see also

United States v. Nowak, 370 Fed. App'x 39, 41 (11th Cir. 2010) ("District courts

have broad discretion to admit probative evidence, but their discretion to exclude

[relevant] evidence under Rule 403 is limited.").

B.    Defendant's Motion *in Limine*

1.    All Evidence Related to Plaintiff's Alleged Damages

Defendant seeks to exclude "*any* evidence relating to Plaintiff's alleged

damages, because Plaintiff is barred from recovery by the United States Supreme

Court's ruling in Heck v. Humphrey." ([108.1] at 3 (citing Heck v. Humphrey,

512 U.S. 477 (1994))].  In Heck, the Supreme Court held that, to recover damages

for harm caused by actions the unlawfulness of which would render a conviction or

sentence invalid, a Section 1983 plaintiff must prove that the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal, or called into question by a federal court's issuance of a

writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Defendant acknowledges that Plaintiff was not "convicted" under the

Georgia Child Molestation statute, but he asserts that Plaintiff should, nonetheless,

be barred from recovering damages under Section 1983 because Plaintiff's

4

"charges were not reversed or otherwise declared invalid." (Id. at 4). Plaintiff

argues that Heck does not apply because Plaintiff was never convicted of a crime.

In support of his position, Defendant relies on Uboh v. Reno, 141 F.3d 1000 (11th

Cir. 1998), and Roesch v. Otarola, 980 F.2d 850 (2d Cir. 1992).

In Roesch, the Second Circuit found that a plaintiff's participation in a

pretrial intervention program, which resulted in a dismissal of his criminal charges,

barred his subsequent Section 1983 claim because it was not a termination in his

favor. 980 F.2d at 853. In McClish v. Nugent, 483 F.3d 1231, 1251 (11th Cir.

2007), the Eleventh Circuit expressly rejected Roesch. In McClish, the plaintiff

participated in Florida's pretrial intervention program, which resulted in a

dismissal of his criminal charge. The Eleventh Circuit, rejecting the district court's

reliance on Roesch, found that "the question is an antecedent one," because "there

was never a conviction in the first place." Id. To dismiss the "§ 1983 claim as

barred by Heck . . . would stretch Heck beyond the limits of its reasoning." Id. at

1252 (citing Wallace v. Kato, 549 U.S. 384, 393 (2007) (characterizing a theory to

bar "an action which would impugn *an anticipated future conviction*" as a "bizarre

extension of Heck") (emphasis in original)).[1]

As in McClish, Plaintiff here was never convicted of the charge on which he

was wrongfully arrested and thus Heck does not apply.  Defendant's request to

exclude evidence relating to Plaintiff's alleged damages is denied.

> 2.    First Appearance Hearing Held on February 23, 2011

Defendant next seeks to exclude evidence after a first appearance hearing

held on February 23, 2011.  ([108.1] at 5, 13).  The Court has addressed this

request in its Opinion and Order dated April 14, 2017 [133], and Defendant's

motion *in limine* on this ground is denied.

> 3.    Evidence Related to the "Ultimate Dismissal" of the Charges

Defendant next seeks to bar Plaintiff from introducing "any evidence related

to the ultimate dismissal of the charges."  ([108.1] at 8).  Plaintiff agrees that if all

evidence after the indictment is excluded, then the dismissal of his charges and his

---

[1]    Uboh also does not support Defendant's position.  In Uboh, the dismissal of
certain charges against the defendant constituted a favorable termination, but the
defendant had been convicted on other counts of the same indictment.  Because the
plaintiff's section 1983 claim would "call into doubt the validity and justification
of the criminal proceedings," the Eleventh Circuit found that "Heck would have
barred" the plaintiff's malicious prosecution claim.  Uboh, 141 F.3d at 1004.

participation in a pretrial diversion program should be excluded. ([118] at 11).

Because the damages can only be awarded through the date of the indictment, the

Court finds that evidence regarding the indictment and the events after the

indictment are excluded, and the motion *in limine* on this ground is granted.

### 4.    Evidence Related to Plaintiff's Innocence

Defendant seeks to bar Plaintiff from introducing "any evidence related to

Plaintiff's guilt or innocence or representations to the Jury that Plaintiff was

innocent." ([108.1] at 9).  Plaintiff represents that he does not intend to use the

word "innocent," ([118] at 11), and, based on this representation, the Court finds

that Plaintiff may not argue or state that Plaintiff was "innocent," "not guilty," "did

not commit" or any other statement that states or suggests that Plaintiff did not

commit the offense for which he was arrested.[2]  The Court therefore grants

Defendant's motion *in limine*  on this ground.  Plaintiff may state that his arrest

---

[2]    The Court suggests that the parties agree to a stipulation of facts to be given
to the jury to provide context for the evidence that will be offered to prove or
disprove Plaintiff's alleged damages.  The stipulation should state that Plaintiff
was arrested on February 22, 2011, for the alleged crime of child molestation based
on his alleged asking of a young child the color of her panties, that the arrest has
been determined not to have been based on probable cause or arguable probable
cause, and that the arrest violated Plaintiff's constitution rights by being arrested
without probable cause.

was made without probable cause.  (See [121] at 6 (Defendant does not oppose this characterization by Plaintiff)).

     5.    Search of Plaintiff's Vehicle or Home and Evidence Related to Child Pornography

Defendant seeks to bar Plaintiff from introducing "any evidence related to the search of Plaintiff's vehicle and home for evidence of child pornography or any illicit material as it is completely irrelevant" ([108.1] at 10).  Plaintiff asserts that the search of Plaintiff's van was a foreseeable consequence of his arrest and is relevant to Plaintiff's damages.  ([118] at 12).  Plaintiff states that he does not intend to offer any evidence child pornography was not found in his home.  Based on this representation, the Court grants the motion to exclude any reference to child pornography, because it is not probative on the issues of damages in this case and otherwise would mislead and confuse the jury.  Plaintiff may introduce evidence of the search of his van and home and facts about how these searches were conducted.  The Court grants in part and denies in part Defendant's motion *in limine* on this ground.

     6.    Evidence that Defendant Threatened Plaintiff

Defendant next seeks to bar Plaintiff from testifying that Defendant "threatened to tackle and hurt him if he ran." ([108.1] at 11).  Defendant asserts

8

that this evidence is not relevant to the issue of Plaintiff's alleged damages. (Id.).

Plaintiff argues that these threats caused "fear and anxiety" during his arrest and "pertain directly to Plaintiff's compensatory damages claim." ([118] at 12). The Court agrees. Evidence related to Plaintiff's feelings of being victimized or his pain and suffering is relevant to the adverse effect on Plaintiff for which he claims he is entitled to be compensated. Defendant's motion *in limine* on this ground is denied. Defendant is allowed to offer evidence to dispute Plaintiff's testimony about Defendant's comments.

> 7. Evidence Related to the Television Coverage of His Arrest

Defendant next seeks to bar Plaintiff from "introducing any evidence surrounding the television coverage of Plaintiff's arrest." ([108.1] at 12). Defendant asserts that this evidence may mislead the jury, because Defendant did not have any involvement with the television coverage or his case. (Id.). Defendant also argues that the television coverage occurred after the February 23, 2011, hearing. ([121] at 7). Plaintiff argues that the news coverage was a foreseeable result of the arrest. ([118] at 13). The Court finds that the fact of news coverage of the arrest may be offered, because it is relevant to Plaintiff's alleged damages. The Court reserves ruling on the admissibility of the specific

evidence Plaintiff seeks to offer into evidence.  The evidence should be provided to the Court at least seven (7) business days before the pretrial conference.

## 8. Photographs of the Fulton County Jail

Defendant seeks to exclude photographs of the Fulton County Jail, unless Plaintiff can show that the photographs were taken during the period when Plaintiff was incarcerated.  ([108.1] at 13).  Defendant also claims that the photographs should be excluded, because the photographs are not an accurate representation of the conditions of his incarceration because the jail facility has undergone renovations.  (Id.).  Plaintiff asserts that the photographs are admissible if the photographs are fair representations of the areas where Plaintiff was held in jail. The fact of Plaintiff's detention is relevant to the damages Plaintiff alleges to have suffered.  It is the impact of the detention on him, not the conditions of the jail itself, that is relevant to Plaintiff's damages claim.  Plaintiff may describe the impact and the cause of it, but photographs of the actual facility, which may have changed and which do not depict the actual environment and population at the time of Plaintiff's incarceration, are likely to mislead, confuse, or unduly prejudice the jury, and the photographs thus are excluded under Federal Rule of Evidence 403.

9.    "Send a Message" Arguments or Evidence Related to Punitive
      Damages

Defendant seeks to prohibit Plaintiff's counsel from exhorting the jury to
"send a message" with their verdict.  ([108.1] at 14).  Defendant also seeks to
prevent Plaintiff from arguing for punitive damages.  (Id. at 15).  Because Plaintiff
does not intent to make any "send a message" argument, and because punitive
damages are not at issue at trial, ([108.1] at 14-15), the Court grants Defendant's
motion to preclude a "send a message" or punitive damages argument.[3]

10.    The City of Atlanta's Indemnification Practices

Defendant seeks to exclude any mention of the City of Atlanta's past
payment of settlements or judgments for past or present police officers.  ([108.1] at
15).  Plaintiff does not intend to introduce this evidence, ([118] at 15), and
Defendant's motion in limine to exclude evidence of past settlements or judgments
is granted.

11.    Testimony from Cindy Miller

Defendant seeks to bar the testimony of Plaintiff's office manager, Cindy
Miller, because her opinion, Defendant asserts, is purely speculative.  ([108.1] at

---

[3]    Plaintiff should also refrain from asking the jurors how they would feel or
the emotional impact Plaintiff's experiences would have on them.

16). Plaintiff argues that Ms. Miller's testimony will be used to establish the harm to his reputation as well as any missed appointments with his patients. ([118] at 16). Plaintiff states that Ms. Miller will not attempt to calculate any damages to Plaintiff's chiropractic practice and will not discuss any events after the indictment. (Id. at 16).

"[R]eputation . . . is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." Paul v. Davis, 424 U.S. 693, 712 (1976). "[A] federally recognized liberty interest is implicated only when an individual's reputation is stigmatized in connection with the denial of some specific constitutional guarantee or some 'more tangible' interest." Marrero v. City of Hialeah, 625 F.2d 499, 512 (5th Cir.1980), cert. denied sub nom. Rashkind v. Marrero, 450 U.S. 913 (1981).[4] "[T]o the extent the unconstitutional conduct caused injury to appellants' personal or business reputations, the injury is compensable as an element of damages flowing from the unlawful conduct." Id. at 514.

---

[4]    In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Court finds that Ms. Miller's testimony may be relevant to Plaintiff's damages. Defendant's motion is denied without prejudice to Defendant objecting at trial if Defendant believes the testimony Ms. Miller offers is not admissible.

C.    Plaintiff's Motion *in Limine*

1.    Defendant's Testimony

Plaintiff seeks to exclude "all testimony" by Defendant that does not relate to Plaintiff's damages claim, including Defendant's claimed basis for his arrest. ([109] at 1). Plaintiff specifically seeks to exclude: (1) Defendant's conversation with Amy Wood and Ms. Wood's written statement; (2) Defendant's conversation with any other officers on the scene; and (3) any officer's conversation with the Fulton County prosecutor who allegedly approved of Plaintiff's arrest. (Id. at 1-2). Plaintiff argues that any evidence concerning Defendant's investigation is irrelevant to Plaintiff's damages claim because Defendant's liability has already been established. Plaintiff instead seeks to limit Defendant's testimony "to his initial encounter" with Plaintiff, the "circumstances" of Plaintiff's arrest, and steps Defendants "took in furtherance of" Plaintiff's prosecution. (Id. at 2). Defendant represents that these information would be admissible as "background

information" and that Defendant "should be able to provide his account of what transpired to provide context."  ([117] at 2).

Defendant is allowed to offer evidence of what happened on February 22, 2011, to rebut the basis for Plaintiff's alleged damage.  The Court requires Plaintiff to provide a written proffer of Plaintiff's anticipated testimony about the events on February 22, 2011, for the Court to determine whether the testimony is admissible and to establish the scope of Defendant's counter testimony.  The proffer is required to be submitted at least seven (7) business days before the pretrial conference.  The Court defers ruling on the motion *in limine* on these grounds.

## 2. Plaintiff's Entry into a Pretrial Diversion Program

Plaintiff next seeks to exclude evidence related to his participation in a pretrial diversion program.  ([109] at 2).  Defendant asserts that Plaintiff's participation in a pretrial diversion program is relevant for the Heck analysis.  ([117] at 3).  Because the Court already determined that Heck does not apply and that damages can only be awarded through the date of the indictment, evidence related to Plaintiff's participation in a pretrial diversion program after indictment is

irrelevant.  Plaintiff's motion *in limine* to preclude evidence of the pretrial diversion program is granted.

### 3.    Grand Jury's Indictment of Plaintiff

Plaintiff next asserts that the grand jury indictment should be excluded because Plaintiff's "damages are capped at the date of the indictment."  ([109] at 4).  Defendant acknowledged that the indictment "caps Plaintiff's damages" but seeks to introduce the evidence because, according to Defendant, "such evidence is entirely relevant to Plaintiff's damages claim."  The parties agree that Plaintiff's damages may be awarded only for damages alleged to have been suffered from February 22, 2011, until March 11, 2011, the date of the indictment.  The Court defers ruling on Plaintiff's motion *in limine* on this ground, and the Court will propose at the pretrial conference how to advise the jury of this limitation and the reason for setting March 11, 2011, as the date beyond which damages cannot be awarded.

### 4.    Hearsay within Defendant's Written Police Report

Plaintiff next seeks to exclude any statements made by third persons in Defendant's written police report.  ([109] at 5).  Plaintiff asserts that these statements are not relevant when considering damages, although they were

admissible during the liability phase of the trial.  ([120] at 4).  Defendant argues

that the statements fall within the exception in Fed. R. Evid. 803.

"It is well established that entries in a police report which result from the

officer's own observations and knowledge may be admitted but that statements

made by third persons under no business duty to report may not."  United Techs.

Corp. v. Mazer, 556 F.3d 1260, 1278 (11th Cir. 2009) (citation omitted).

Rule 803, however, carves out an exception to the hearsay rule for factual findings

in a police report.  Id.  The Court determines that statements by third parties in the

police report are not probative on the claim of damages, and are not reliable.  To

the extent evidence of what occurred on February 22, 2011, is admissible and not

cumulative, it may be presented by the testimony of witnesses.  Plaintiff's motion

*in limine* on this ground is granted.

### 5.     Reference to Defendant's Military Service

Plaintiff next seeks to exclude evidence of Defendant's military service.

([109] at 6).  Defendant agrees that he will not refer to his military service if

Plaintiff does not attack Defendant's character or provide any evidence of

Plaintiff's good character.  ([117] at 5).  If his character is attacked, the Court will

determine the character and scope of allowable rehabilitation evidence. Plaintiff's motion *in limine* to exclude Defendant's military service is denied as moot.

### 6. "Golden Rule" Argument

Plaintiff next seeks to exclude any requests asking the jury to place itself in Defendant's shoes. ([109] at 7). Defendant does not oppose this request. A "golden rule" argument requesting the jury "to place itself in a party's shoes with respect to damages" is impermissible. McNely v. Ocala Star-Banner Corp., 99 F.3d 1068, 1071 n.1 (11th Cir. 1996). Plaintiff's motion *in limine* to prohibit a golden rule argument is granted.

### 7. Plaintiff's Dismissal of His Claim Against the City

Plaintiff seeks to exclude any reference to his dismissal of his claim against the City of Atlanta. ([109] at 7). Defendant does not oppose the motion on this ground, and it is granted.

### 8. Testimony from Amy Wood or Sgt. Ormond

Plaintiff seeks to exclude testimony from Amy Wood and Sgt. Ormond. ([109] at 8). Defendant "does not object to such evidence being excluded as long as Plaintiff does not contend or imply that such witnesses did not previously testify during a trial of this case." ([117] at 6). Plaintiff agrees and does not intend to

mention the previous trial.  Accordingly, Plaintiff's motion on this ground is granted.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Andres Facemyer's Motion *in Limine* [108] is **GRANTED IN PART**, **DENIED IN PART**, **DENIED IN PART WITHOUT PREJUDICE** and **DEFERRED IN PART**.

Defendant's Motion is **GRANTED** with respect to his requests to exclude the following evidence:  (1) evidence related to the ultimate dismissal of charges against Plaintiff; (2) evidence related to Plaintiff's innocence, except that Plaintiff may state that his arrest was made without probable cause; (3) photographs of the Fulton County Jail; (4) "send a message" arguments or evidence related to punitive damages; (5) evidence of the City of Atlanta's past settlements or judgments; and (6) reference to child pornography, except that Plaintiff may introduce evidence of the search of his van and home and facts about how these searches were conducted.

Defendant's Motion is **DENIED** with respect to his requests to exclude the following evidence:  (1) evidence of all damages pursuant <u>Heck</u>; (2) evidence of damages after the First Appearance Hearing; and (3) evidence that Defendant

threatened Plaintiff.  Defendant is allowed to offer evidence to dispute Plaintiff's testimony about Defendant's comments.

Defendant's Motion is **DENIED WITHOUT PREJUDICE** with respect to the testimony of Cindy Miller.  Defendant may object at trial if he believes the testimony Ms. Miller offers is not admissible.

Defendant's Motion is **DEFERRED** with respect to his request to exclude evidence related to the television coverage of his arrest.  The fact of news coverage may be offered, but the Court reserves ruling on the admissibility of the specific evidence Plaintiff seeks to offer.  The evidence should be provided to the Court at least seven (7) business days before the pretrial conference.

**IT IS FURTHER ORDERED** that Plaintiff Dan J. Benson's Motion *in Limine* [109] is **GRANTED IN PART**, **DENIED IN PART AS MOOT**, and **DEFERRED IN PART**.

Plaintiff's Motion is **GRANTED** with respect to the following evidence: (1) evidence of Plaintiff's entry into a pretrial diversion program; (2) statements by third parties within Defendant's written police report; (3) any "golden rule" argument; (4) evidence of Plaintiff's dismissal of his claim against the City of Atlanta; (5) testimony from Amy Wood or Sgt. Ormond.  Plaintiff's Motion is

**DENIED AS MOOT** with respect to his request to exclude evidence of Defendant's military service.

Plaintiff's Motion is **DEFERRED** with respect to his request to exclude "all testimony" by Defendant that allegedly does not relate to Plaintiff's damages claim. Defendant is allowed to offer evidence of what happened on February 22, 2011, to rebut the basis for Plaintiff's alleged damage. The Court requires Plaintiff to provide a written proffer of Plaintiff's anticipated testimony about the events on February 22, 2011, for the Court to determine whether the testimony he seeks to exclude is admissible and to establish the scope of Defendant's counter testimony. The proffer is required to be submitted at least seven (7) business days before the pretrial conference.

Plaintiff's Motion is **DEFERRED** with respect to his request to exclude evidence of a grand jury's indictment of him. The Court will propose at the pretrial conference how to advise the jury that damages may only be awarded for damages alleged to have been suffered between February 22, 2011, and March 11, 2011, and the reason for setting March 11, 2011, as the date beyond which damages cannot be awarded.

**SO ORDERED** this 18th day of April, 2017.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE